E-FILED
Monday, 13 April, 2026  09:18:35 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| LAIKEN DONALDSON, | ) |
| | ) |
| Plaintiff, | )  Case: 4:26-cv-04098 |
| | ) |
| v. | ) |
| | ) |
| DEERE & COMPANY d/b/a JOHN DEERE | ) |
| HARVESTER WORKS, | ) |
| | )  **Jury Trial Demanded** |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, Laiken Donaldson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Deere & Company d/b/a John Deere Harvester Works ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.   This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

4.     Venue of this action properly lies in the Central District of Illinois, Rock Island Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5.     All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq* have occurred or been complied with.

6.     A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B") and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8.     Plaintiff is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint resided in Scott County, Iowa.

9.     Defendant, whose address is 1100 13th Street, Moline, Illinois 61265-3077, is a corporation specializing in manufacturing agricultural equipment that at all times material to the allegations in this Complaint was doing business in and for Rock County County, Illinois.

10.    Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4) and was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

11.    During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and the FMLA 29 U.S.C. §2611(4), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**BACKGROUND FACTS**

12.    Plaintiff was employed by Defendant as a Material Coordinator from in or about January 24, 2023, until she was unlawfully terminated on or about July 16, 2025, on the basis of her disability and use of of protected medical leave.

13.    As a Material Coordinator, Plaintiff's duties included, but were not limited to, coordinating materials, managing inventory and supply logistics, and ensuring timely distribution of materials necessary for operations.

14.    Plaintiff has a physical impairment that substantially limits major life activities.

15.    Specifically, Plaintiff suffers from stage four endometriosis.

16.    Plaintiff's disability causes severe and chronic symptoms, including but not limited to debilitating pain, fatigue, and other complications requiring ongoing medical care, treatment, and surgical intervention.

17.    Plaintiff's disability substantially limits major life activities, including but not limited to working, walking, standing, and performing daily bodily functions.

18.    Regardless of Plaintiff's disability, she was qualified to perform the essential

3

functions of her job, with or without reasonable accommodation.

19.     Plaintiff is a "qualified individual" as defined under the ADA.

20.     Throughout her employment, Defendant was fully aware of Plaintiff's disability and her need for ongoing medical treatment. Over the course of her employment, Plaintiff used her available personal time to attend doctor's appointments, undergo surgeries, and manage complications related to her condition.

21.     As Plaintiff's condition worsened, she required additional flexibility to manage her health. In or around March 2025, Plaintiff applied for and was approved for intermittent leave under the FMLA to address her serious health condition.

22.     Plaintiff also sought reasonable accommodations for her disability, including time off for treatment and a transfer to a less physically and mentally strenuous position within the company that would better align with her medical limitations.

23.     Rather than engage in the interactive process required by law, Defendant ignored and effectively denied Plaintiff's requests for accommodation and began treating her disability and need for leave as a liability.

24.     On or about June 30, 2025, Plaintiff applied for an internal position that would have been less physically and mentally demanding and more suitable for her condition.

25.     Plaintiff's supervisor, Molly Crosby, blocked her from applying and prevented her transfer, explicitly citing Plaintiff's "attendance and health" as the reason.

26.     Defendant's reliance on Plaintiff's disability-related absences and medical condition to deny her this opportunity constitutes discrimination on the basis of disability and retaliation for her use of FMLA leave.

4

27.    Similarly situated employees who were not disabled and who did not require protected leave were not subjected to these barriers.

28.    The discriminatory and retaliatory conduct escalated.

29.    On or about July 1, 2025, Crosby made a disparaging comment to Plaintiff, stating, "You are allowed at your leisure to miss work," in direct reference to Plaintiff's use of FMLA leave.

30.    This comment trivialized Plaintiff's serious medical condition and reflected hostility toward her protected rights.

31.    Disturbed by this conduct, Plaintiff promptly engaged in protected activity.

32.    Plaintiff reported the comment and discriminatory treatment to Crosby's supervisor, Elliot Shriver, contacted Human Resources, and submitted an internal compliance complaint detailing the disability-based harassment and discrimination she was experiencing.

33.    Instead of addressing Plaintiff's concerns, Defendant retaliated.

34.    Shortly after Plaintiff made her complaints, Defendant informed Plaintiff that she was being suspended under the pretext of an investigation and informed her that it was "speaking to attorneys."

35.    Ultimately, on or about July 16, 2025, Defendant terminated Plaintiff's employment, claiming "insubordination" and "poor performance."

36.    These stated reasons were false and pretextual.

37.    Plaintiff had no prior disciplinary history and had recently received a high-tier performance evaluation, demonstrating that she was performing her job satisfactorily.

38.    Defendant's    actions,    including    blocking    Plaintiff's    transfer,    making

5

discriminatory remarks, suspending her, and ultimately terminating her, were taken because of Plaintiff's disability, her need for and use of FMLA leave, and her complaints of discrimination.

39.    Defendant failed to provide reasonable accommodations, failed to engage in the interactive process, interfered with Plaintiff's FMLA rights by penalizing her for protected leave, and retaliated against her for engaging in protected activity.

40.    The close temporal proximity between Plaintiff's use of FMLA leave, her complaints of discrimination, and her termination further supports a causal connection between her protected activity and Defendant's adverse actions.

41.    Plaintiff engaged in statutorily protected activity by requesting reasonable accommodations, utilizing FMLA leave, and reporting disability-based discrimination and harassment, all of which are protected under the ADA and FMLA.

### COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

42.    Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

43.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

44.    Plaintiff met or exceeded performance expectations.

45.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

46.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

47.    Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

of the ADA.

48.     Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

49.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

50.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Disability-Based Harassment)

51.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

52.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

53.     Defendant knew or should have known of the harassment.

54.     The disability-based harassment was severe or pervasive.

55.     The disability-based harassment was offensive subjectively and objectively.

56.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

57.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

58.     As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

59.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

60.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

61.     Plaintiff is a qualified individual with a disability.

62.     Defendant was aware of the disability and the need for accommodations.

63.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

64.     Plaintiff's reasonable accommodations that were requested was not an undue burden on the Defendant.

65.     Defendant did not accommodate Plaintiff's disability.

66.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*., due to Plaintiff's disability.

67.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

68.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Americans with Disabilities Act
### (Retaliation)

8

69. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

70. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

71. During Plaintiff's employment with Defendant, Plaintiff requested accommodations and reported disability-based discrimination and harassment.

72. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

73. In response to Plaintiff's complaint, Defendant failed to conduct a thorough and objective investigation of Plaintiff's complaint of disability-based discrimination.

74. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

75. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations and reporting disability-based discrimination and harassment, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

76. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

77. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

78. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of the Family Medical Leave Act**
**(FMLA Retaliation)**

9

79. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

80. Plaintiff engaged in statutorily protected activity when she requested and utilized leave under the FMLA for her serious health condition.

81. Defendant had knowledge of Plaintiff's protected activity, including her request for and use of FMLA leave.

82. Shortly after and because of Plaintiff's protected activity, Defendant subjected Plaintiff to adverse employment actions, including but not limited to suspension and termination.

83. Defendant terminated Plaintiff's employment because she requested and took FMLA leave, as described above.

84. Defendant intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for requesting and taking leave for medical reasons.

85. Plaintiff's request for medical leave and subsequent taking of medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

86. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d.   Loss of benefits;

e.   Compensatory and punitive damages;

f.   Liquidated damages;

g.   Reasonable attorneys' fees and costs;

h.   Award pre-judgment interest if applicable; and

i.   Award Plaintiff any and all other such relief as the Court deems just and

proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 13th day of April 2026.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
Bar No.: 99843
**Atlas Law Center LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@atlaslawcenter.com
*Attorney for Plaintiff*